## SAILLY vs. ELMORE.

Whatever will in equity discharge a surety, on a simple contract, may be pleaded as a defence to an action aganst him in a court of law.

As the court of chancery had originally the exclusive jurisdiction in such cases, it will not relinquish its jurisdiction because the complainant may now have an adequate remedy at law.

But if a suit at law has been commenced, and the defendant in that suit unnecessarily files a bill in chancery to set up a defence of which he might avail himself at law, the court may refuse to interfere by way of preliminary injunction ; or it may refuse costs to the complainant on the final decree.

Where the creditor, without the consent of the surety, makes a valid and binding contract with the principal debtor to give him further time of payment, the surety is discharged.

So he will be discharged by any arrangement between the principal debtor and the creditor, which operates as a fraud upon the surety ; as where the money has been offered to the creditor, and he, without the consent of the surety, requested the debtor to retain it longer. So where the creditor fraudulently colludes with the debtor to conceal from the surety the fact of the non-payment of the debt until the debtor becomes insolvent.

But a mere consent of the creditor to a delay because the principal debtor has not the ability to make immediate payment, and without any new consideration, does not discharge the surety.

THIS cause was heard on bill and answer. The facts, as admitted in the answer of the defendant, were as follows : In December, 1827, the complainant executed a note to the defendant with M'Cotter & Grant, as their surety, for $362,50, payable in 90 days. When the note fell due, M. & G. represented to the defendant that it was inconvenient for them to pay the note at that time, and requested him to wait 60 or 90 days longer. The defendant promised to indulge them for the time they requested ; and that, in the mean time, he would not call on the complainant for payment ; but no consideration was paid, or agreed to be paid, for this indulgence. In July, 1828, M. & G. again requested time, and promised to pay one or two hundred dollars on the note,

in a few days. The defendant informed them that he did not intend to press them for immediate payment. The complainant made no inquiries, and received no information that the payment was deferred or that the note was unpaid, until June 1829, when he was called on for payment. M'Cotter & Grant, who were in doubtful circumstances when the note fell due, were at that time insolvent. Payment having been refused, a suit at law was commenced on the note, and the bill in this cause was filed to restrain the proceedings in that suit by injunction.

*H. Bleecker*, for the complainant. The complainant's contract with the defendant was, that if the note was not paid by M'Cotter & Grant when it fell due, then he, the complainant, would pay the note to the defendant. That the complainant signed the note as a mere surety, was known to the defendant. No notice was given to the complainant of the non-payment of the note. It remained unpaid for a year after it fell due. Gross negligence, on the part of the creditor, in securing his debt from the principal debtor, will discharge the surety. (*Duvall* v. *Trask*, 12 Mass. R. 154. *King* v. *Baldwin*, 17 John. R. 391. *People* v. *Jansen*, 7 id. 332.) The complainant in this case was misled by the defendant. The conduct of the defendant induced him to suppose the debt had been paid. (*Rathbone* v. *Warren*, 10 John. R. 587.) An arrangement with the debtor, which puts the surety in danger of being made liable, discharges the surety, as an agreement with the maker of a note to delay the payment without the consent of the surety. (*Pain* v. *Packard*, 13 John. R. 174. *People* v. *Berner*, 13 id. 383. *Powell* v. *Waters*, 17 id. 176.) Where an actual injury results to the surety from the acts of the creditor, the surety is discharged. *Hunt* v. *United States*, 1 Gall. C. C. U. S. R. 32, per Story, J. *Reese* v. *Berrington*, 2 Ves. jun. 543. *English* v. *Darley*, 3 Esp. N. P. R. 50, S. C. 2 Bos. & Pul. 61.)

*M. T. Reynolds*, for the defendant. The complainant has a perfect remed at layw. Courts of law give the same relief in these cases as courts of equity. Mere delay will not discharge the surety. The creditor may lie by and see the

1831.

Sailly
v.
Elmore.

principal debtor go to ruin, without enforcing the collection of his debt, and the surety will not, in consequence of this delay, be discharged, unless he had given the creditor notice to collect the debt from the principal debtor. The bill would have been bad on demurrer. The objection to it can now be taken *ore tenus*. (*Pabodie* v. *King*, 12 John. R. 426. Fell on Guar. 200, and note.) It was decided in the case of *Reynolds* v. *Ward*, (5 Wend. R. 501,) that an agreement, without consideration, by the creditor with the principal debtor, enlarging the time of payment of a note, did not discharge the surety. An agreement with the principal debtor must be valid and binding, and made upon sufficient consideration, in order to discharge the surety. (*Philpot* v. *Briant*, 4 Bing. R. 717, reported in 15 Com. Law. R. 126.)

THE CHANCELLOR. It is now settled that the same principles, which in this court are sufficient to discharge the surety, may be plead by him as a defence to an action, on simple contract, in a court of law. But as this court had originally the exclusive jurisdiction in such cases it is no objection to a bill filed here, at this time, that the complainant has an adequate remedy or good defence at law. In the language of Lord Eldon: " This court will not allow itself to be ousted of any part of its original jurisdiction because a court of law happens to fall in love with the same, or a similar jurisdiction." (*Eyre* v. *Everitt*, 2 Russ. R. 382.) If a suit at law is commenced in such a case, and the defendant in that suit unnecessarily files a bill here to set up a defence of which he may now avail himself at law, this court may refuse to interfere by way of preliminary injunction, or it may not give him costs on a final decree. But if he establishes his equitable defence here, this court cannot dismiss the bill for want of jurisdiction.

Where the creditor makes a valid and binding contract with the principal debtor to give him further time of payment, without the concurrence of the surety, it is a discharge of such surety. He will also be discharged by any arrangement or dealing between the principal debtor and the creditor, which operates as a fraud upon the surety. As if the

money had been offered to the creditor at the day it fell due, or afterwards, and he had without the consent of the surety requested the debtor to retain it longer, this would operate as a fraud upon the surety and discharge his liability. But a mere consent to the delay of payment because the principal debtor had not the ability to pay presently, and without any new consideration, does not discharge the surety. (*Heath* v. *Key*, 1 Young & Jer. R. 434. *McLemore* v. *Pewell*, 12 Wheat. R. 554.

If the complainant in this case had established the fact that Elmore had fraudulently colluded with M. & G. to conceal from him the fact of non-payment of the note, until their circumstances became desperate, it would have discharged his liability. Such an arrangement would have thrown him off his guard, and thereby have prevented him from securing himself in due season. But here the complainant instituted no inquiry, and made no attempt to ascertain whether his liability was discharged or otherwise. Neither do I understand the answer as intending to admit that the defendant agreed to conceal from the surety the fact of non-payment. He promised only to delay proceedings against them, and not to call upon Sailly and thus indirectly to enforce the immediate payment of the demand through him. The creditor was not bound to give the surety notice of the non-payment of the note. If there was an agreement to conceal from the complainant the fact that the note was still due and unpaid, the complainant should have filed a replication to the answer, and have established such fraudulent agreement by legal proof. The admissions in the answer do not go that length, and they afford no ground of equitable defence to the suit on the note.

The complainant's bill must therefore be dismissed, with costs.