ROBERT F. SHEPARD et al., Plaintiffs, *v.* THE MANHATTAN RAILWAY COMPANY et al., Defendants.

The provision of the Code of Civil Procedure (§ 970) as amended in 1891 (Chap. 208, Laws of 1891), declaring that "where a party is entitled by the Constitution or express provision of law to a trial by jury of one or more issues of fact, or where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover, either party may apply on notice at any time to the court, for an order directing all such issues or questions to be distinctly and plainly stated for trial accordingly," and requiring the court on such application to cause such issues or questions to be so stated, does not apply to actions of a purely equitable nature, but merely widens the right to a jury trial in those cases to which said section was previously applicable.

Where, therefore, in an action to restrain the operation of an elevated railroad in a street, in front of plaintiff's premises and for damages, upon application of defendants, an order was granted reciting that defendants were " entitled *as a matter of right* to an order directing the framing of a question for trial by a jury, as to the past or rental damages," and ordering accordingly. *Held*, error, that the granting of the order was not a matter of right, but rested in the discretion of the trial court.

(Argued January 20, 1892; decided March 1, 1892.)

CROSS-APPEALS from order of General Term of the Superior Court of the city of New York made December 28, 1891, which affirmed an order at Special Term framing an issue for trial by jury in the above entitled action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julien T. Davies* for defendants. The provision of the Code (§ 970), as amended by the statute of 1891, is not unconstitutional. (*Vermilyea* v. *Palmer*, 52 N. Y. 471; *Phillips* v. *Gorman*, 17 id. 270; Laws of 1874, chap. 312; *Eno* v. *Mayor, etc.*, 7 Hun, 320; *Lennon* v. *Mayor, etc.*, 55 N. Y. 361; *Dolan* v. *Mayor, etc.*, 62 id. 472; *DeHart* v. *Hatch*, 3 Hun, 375; *Alexander* v. *Bennett*, 60 N. Y. 304; *Hutkoff* v. *Demarest*, 103 N. Y. 377; *Parker* v. *Lahey*, 58 id. 471; *Hewlett* v. *Wood*, 62 id. 75; *Clapp* v. *Bromagham*, 9 Cow. 530.) The statute applies to actions pending September 1, 1891, when it took effect, as well as to actions brought subsequently to that date. (*Southwick* v. *Southwick*, 49 N. Y. 510; *People ex rel.* v. *Spicer*, 99 id. 225; Cooley on Const. Lim. [6th ed.] 468; Endlich on Inter. Stat. §§ 285, 287, 288; *Larkin* v. *Saffarans*, 15 Fed. Rep. 147, 150; *Wright* v. *Hale*, 6 Hurl. & N. 227; *Kimbray* v. *Draper*, L. R. [3. Q. B.] 160.) Section 970 requires the court to direct a jury trial of " questions " arising upon the pleadings in the present action as to the extent of the plaintiff's injury — *i. e.*, first, whether nominal or substantial, and second, as to the value of the property of the plaintiffs taken by the defendants' railway, and the compensation payable therefor. (Code Civ. Pro. § 963; *Lovinier* v. *Pearce*, 70 N. C. 167.) The question whether the defendants have taken property of more than nominal value is a " question" arising upon the pleadings which must be submitted to the jury. (*Gray* v. *M. R. Co.*, 40 N. Y. S. R. 478; *Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 164; Story's Eq. Pl. §§ 28, 241.) The pleadings in the present case contain allegations raising the question of the propriety of granting an alternative or conditional injunction and bring the amount of compensation

directly before the court. (*Kernochan* v. *N. Y. E. R. R. Co.*, 41 N. Y. S. R. 110.) The purpose of the action against these defendants is to secure compensation, and such relief as secures compensation is all that the plaintiffs are entitled to in equity. (*Ode* v. *M. R. Co.*, 56 Hun, 199 ; *Pappenheim* v. *N. Y. E. R. R. Co.*, 40 N. Y. S. R. 445 ; Pom. Eq. Juris. § 109 ; *Worrall* v. *Mann*, 38 N. Y. 137, 142 ; *M. A. B. Church* v. *O. S. B. Church*, 73 id. 82, 95 ; *Murtha* v. *Curley*, 90 id. 372, 378 ; *Pond* v. *M. E. R. Co.*, 112 id. 182 ; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423 ; *Tallman* v. *M. E. R. Co.*, 121 id. 155 ; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 118 ; *N. Y. E. R. R. Co.* v. *F. N. Bank*, 135 U. S. 440 ; *Hentz* v. *L. I. R. R. Co.*, 13 Barb. 655.; *P., etc., R. Co.* v. *Oliver*, 131 Penn. St. 408 ; *Verdier* v. *P. R. R. Co.*, 15 S. C. 476.) The alternative or condition attached to the injunctions in suits against these defendants, though nominally optional, is really compulsory. (*People* v. *A. & V. R. Co.*, 24 N. Y. 261 ; *Roberts* v. *N. Y. E. R. R. Co.*, 40 N. Y. S. R. 454 ; *Pappenheim* v. *M. E. R. Co.*, Id. 445.) The court might upon the pleadings in this case refuse an injunction, and grant judgment for the compensation payable to the plaintiffs. (Pom. Eq. Juris. § 337 ; *Nelson* v. *Betts*, 21 Mo. App. 219 ; *Murtha* v. *Curley*, 90 N. Y. 372 ; *Bell* v. *Merrifield*, 109 id. 202 ; *Miles* v. *D. F. I. Co.*, 125 id. 193 ; *Valentine* v. *Richardt*, 126 id. 237 ; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423 ; *P. R. R. Co.'s Appeal*, 125 Penn. St. 189 ; *Milkman* v. *Ordway*, 106 Mass. 233 ; *Beck* v. *Allison*, 4 Daly, 421 ; *Ayusby* v. *Glover*, L. R. [18 Eq.] 544 ; *Holland* v. *Worley*, L. R. [26 Ch. Div.] 578.) When a money judgment is given in lieu of other equitable relief, it is only given because it is consistent with the case made by the pleadings, and because the question is raised thereby. (Code Civ. Pro. § 1207 ; *Valentine* v. *Richardt*, 126 N. Y. 273 ; *Miles* v. *D. F. I. Co*, 125 id. 294 ; *Hopkins* v. *Gilman*, 22 Wis. 476.) The motion now before the court was made in proper time and at an appropriate stage of the proceedings. (Code Civ. Pro. § 970.)

*John F. Dillon* for defendants. Section 970 of the Code of Civil Procedure is not unconstitutional. (1 Pom. Eq. Juris. § 337; *Phillips* v. *Thompson*, 1 Johns. Ch. 131; *Miles* v. *D. F. Co.*, 125 N. Y. 194; *Milkman* v. *Ordway*, 106 Mass. 233.) Section 970 of the Code of Civil Procedure applies both to rental damages and to fee damage. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Gray* v. *M. R. Co.*, 128 id. 499; *Pappenheim* v. *M. E. R. Co.*, Id. 436.)

*W. G. Peckham* for plaintiffs. There is error in that part of the order of Judge DUGRO which sends this case to a jury in the first instance, and this order should be reversed in that respect or modified for that reason. (117 N. Y. 448.) The courts below are right in holding that it is no reason for a jury trial that so-called fee damages have been usually assessed as an alternative in these cases. (*Graves* v. *Spier*, 58 Barb. 349; *Galway Case*, 129 N. Y. 132; 126 id. 252.) Section 970 of the Code of Civil Procedure should not be so translated as to necessitate a trial by jury. (*Cook* v. *Bank of Boston*, 52 N. Y. 96.) Past damages are not triable by a jury as a matter of right. (21 J. & S. 137; *Shepard* v. *E. R. R. Co.*, 117 N. Y. 448; *Cogswell* v. *N. Y. & N. H. R. R. Co.*, 105 id. 322.) The legislature cannot alter or restrict the jurisdiction of courts of law and equity. (*Van Pelt* v. *U. S. S. H. Co.*, 3 J. & S. 111; *People ex rel.* v. *Nichols*, 79 N. Y. 582; *Alexander* v. *Bennett*, 60 id. 204; *Wright* v. *Nostrand*, 94 id. 31.) The amendment was not retroactive. (*N. Y. & O. R. R. Co.* v. *Van Horn*, 57 N. Y. 483; *Benton* v. *Wickwire*, 54 id. 226; *Ely* v. *Holton*, 15 id. 395; *Jones* v. *M. E. R. Co.*, 39 N. Y. S. R. 178.)

*Henry A. Foster* for plaintiffs. The amendment to section 970 of the Code (Chap. 208, Laws of 1891), providing that where " one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover, either party " is entitled to have such question tried by jury, is unconstitutional, because it attempts to

deprive the Superior Court of city of New York of the power which it possessed prior to the amendment adopted in 1869, to article 6 of the Constitution, and now possesses under that article, to try all questions of fact arising in an equity case at Special Term without the aid of a jury. (*Basey* v. *Gallagher*, 20 Wall. 670, 680; *In re E. C. Bank*, 18 N. Y. 200, 210, 211; *Smith* v. *Carll*, 5 Johns. Ch. 118–121; *Barton* v. *Barbour*, 104 U. S. 126, 133, 134; *Cogswell* v. *N. Y., N. H. & H. R. Co.*, 105 N. Y. 319; *Valentine* v. *Richardt*, 126 id. 272, 277; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 423, 436–438; *M. A. B. Church* v. *Oliver St.*, 73 id. 95; *Williams* v. *N. Y. C. R. R. Co.*, 16 id. 111; *Taylor* v. *Carpenter*, 11 Paige, 292, 298; *Armstrong* v. *Gilchrist*, 2 Johns. Cas. 424, 430, 431; Story's Eq. Juris. § 71; *Watt* v. *Starke*, 101 U. S. 252; *Quinby* v. *Conlon*, 104 id. 420, 424; *Prout* v. *Roby*, 15 Wall. 472, 475; *Clark* v. *Mosher*, 107 N. Y. 118, 121; *Rogers* v. *Rogers*, 3 Wend. 514, 515; *Pemberton* v. *Pemberton*, 13 Ves. 297.) Defendants' construction of the amendment to section 970 of the Code practically deprives a court of equity of its power to determine the facts for itself so as to satisfy its conscience. It also deprives the court of its power as a court of equity to disregard a verdict and to render a decree contrary to it. (27 Abb. [N. C.] 101.) The legislature had no power to restrict the jurisdiction of the courts. (*Popfinger* v. *Yutte*, 102 N. Y. 42; *Van Pelt* v. *U. S. S. Co.*, 3 J. & S. 113; *Hutkoff* v. *Demarest*, 103 N. Y. 377; *People* v. *Nichols*, 79 id. 589; *DeHart* v. *Hatch*, 3 Hun, 375.) So far as the inherent jurisdiction of law and equity is concerned the distinction between law and equity is still maintained. (*Bennett* v. *Butterworth*, 11 How. Pr. 674; *Thompson* v. *R. Co.*, 6 Wall. 137.) As the Superior Court of the city of New York, acting as a court of equity, possesses all the power the chancellor had to try without a jury all questions of fact and damages arising in actions in equity, and if it sees fit to frame issues for trial by jury to disregard the verdict and enter a decree contrary to it, and the Constitution now prohibits the legislature from impairing that power, the amendment to sec-

tion 970 of the Code which deprives the Superior Court of its power of determining without the aid of a jury all questions of value or damages arising in equitable actions, and of disregarding the verdict of a jury and entering a decree contrary to it if it sees fit to do so, is unconstitutional and void. (*Popfinger* v. *Yutte*, 102 N. Y. 38 ; *People* v. *Nichols*, 79 id. 583 ; *Stuart* v. *Palmer*, 74 id. 188.)   Neither at law nor in equity can a judgment be rendered for the value of easements taken by a trespass, or the permanent injury resulting from the trespass.   (*Galway Case*, 40 N. Y. S. R. 149 ; *Ottenot Case*, 119 N. Y. 603 ; *Pond Case*, 112 id. 186 ; *Uline Case*, 101 id. 98.)   If the court grants an injunction it may, however, as a pure favor to the defendants, ascertain the value of the easements taken and provide that on payment of their value the injunction will be avoided ; but neither party has any right to require the court to make such a provision for avoiding the injunction, or to determine the value of the easements taken. (*Galway Case*, 40 N. Y. S. R. 151, 152 ; *Henderson Case*, 78 N. Y. 429, 430 ; *N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 513 ; 108 N. Y. 660 ; *M. E. R. Co.* v. *Dominick*, 55 Hun, 199.) The fact that the complaint alleged that the easements had a specific value and the prayer for relief was in the alternative, that the defendants be enjoined unless they paid the value of the easements, does not entitle the defendants to a jury trial to ascertain their value.   (*Bell* v. *Merrifield*, 109 N. Y. 202, 207 ; *Graves* v. *Spier*, 58 Barb. 349, 384 ; *Murtha* v. *Curley*, 90 N. Y. 372, 377 ; *Hale* v. *O. N. Bank*, 49 id. 627, 632 ; *Emery* v. *Pease*, 20 id. 62 ; *Meyer* v. *Phillips*, 97 id. 485, 490, 491 ; *Garwood* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 404, 406 ; *Corning* v. *City of Troy*, 39 Barb. 312, 326 ; 40 N. Y. 191, 204, 206 ; *Smith* v. *City of Rochester*, 38 Hun, 612 ; 104 N. Y. 674 ; *Webb* v. *City of Portland*, 3 Sumn. 192 ; *Crooker* v. *Bragg*, 10 Wend. 260, 266 ; *Ware* v. *Allen*, 140 Mass. 513, 515 ; *Lund* v. *City of New Bedford*, 121 id. 286, 288–290 ; *Hills* v. *Muller*, 3 Paige, 254, 258, 259 ; *Trustees* v. *Cowan*, 4 id. 510, 515 ; *Wilts* v. *Swindon*, L. R. [9 Ch. App.] 451, 457, 458 ; L. R. [7 H. L.] 697 ; *Lyon* v.

*McLoughlin*, 32 Vt. 425 ; *Bonaparte* v. *R. R. Co.*, 1 Bald. 226, 230 ; Laws of 1862, chap. 460, § 39.)

*Henry C. Atwater* for plaintiffs in other cases involving the same questions. The amendment to section 970 is prospective in its operation and has no application to the cases in which issue was joined and which has been noticed for trial and were on the Special Term calendar for trial before the amendment went in operation. (*Goillotel* v. *Mayor, etc.*, 87 N. Y. 441 ; *Dash* v. *Van Kleeck*, 7 Johns. 477 ; *Denart* v. *Purdy*, 29 Penn. St. 113 ; *Mann* v. *McAtee*, 77 Cal. 11 ; *G., etc., Co.* v. *Darling*, 133 Mass. 358 ; *Lockhart* v. *Finley*, 15 Ga. 496 ; *Sayre* v. *Wisner*, 8 Wend. 464 ; *Conklin* v. *Egerton*, 21 id. 435 ; Code Civ. Pro. § 758 ; *Ely* v. *Holton*, 15 N. Y. 595 ; *In re Puegnet*, 67 id. 441 ; *Goldman* v. *Kennedy*, 49 Hun, 156.) The court had no power to send the question of fee value to a jury or to make any adjudication in regard to the amount of it without the consent of the plaintiffs. (Laws of 1850, chap. 140, §§ 15, 16.)

Gray, J. This is one of the many actions brought to restrain the defendants from maintaining and operating their railway in front of the complainants' premises, with an accompanying demand in the complaint for incidental relief by way of past damages. A motion was made by the defendants for an order directing the questions as to the value of property and as to damages, which the plaintiffs may be entitled to recover, to be distinctly stated for trial by a jury, pursuant to section 970 of the Code of Civil Procedure. The court, thereupon, made an order, which recited that the defendants were "entitled *as a matter of right* to an order directing the framing of a question for trial by a jury as to the past or rental damages," and that no question of the value of property arose upon the pleadings ; and thereupon ordered that the motion should be granted ; unless the plaintiffs stipulated to waive absolutely all right to recover such past or rental damages, in which event the defendants' motion would be denied. Each party appealed, the

plaintiffs because of the requirement of a waiver, as a condition of a denial of the motion, and the defendants, because their application was denied as to the value of property. The General Term affirmed the order as made.

A construction of section 970 of the Code, as amended by the legislature in 1891 (Chap. 208, Laws of 1891), is involved. As it stood, its provisions were made to apply to a case " where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury of one or more issues of fact, in an action not specified in section 968." The amendment of 1891 added to that language these words " or where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover." The section was, also, so further amended as to call for an order " directing all such issues or questions " to be stated for jury trial. By such alteration in the reading of the section, caused by the amendment of the legislature, the defendants contend that its provisions are made applicable to such actions as these and entitle them, as a matter of right, to trial by a jury as to all questions of value, or of recoverable damages. I do not see how we can sustain the court below, without very much misapprehending the effect of the section. Lately, in the *Lynch* case,* we had occasion to consider the question of the right to the trial by a jury as to past damages under this section, as it read before the amendment of 1891. We held that the constitutional guaranty of trial by jury, which was invoked in support of the application there, did not apply. It was there considered, following the old rule, that as the action was one for a court of equity to determine, its jurisdiction continued, beyond its decree upon the equitable cause of action, which granted the equitable relief, to assess, in its own discretion, the damages which might appear to have been sustained. As that jurisdiction had existed prior to the adoption of the Constitution, the clause preserving inviolate the right of jury trial, as it had existed, did not apply. In this

---

* *Lynch* v. *Met. E. R. R. Co.*, 129 N. Y. 274.

class of actions we have held the cause of action to be single and to constitute a claim for equitable relief.

The question then becomes this : Can the section as amended be made to apply now to such purely equitable actions? In so considering it, we may disregard the question of constitutionality, discussed by counsel. If we fail to find in the amendment of the section that the legislature has deprived the court of any of that equitable jurisdiction, which it has always possessed and which, lately, we have recognized as continuing, such discussion becomes needless.

I think that this section never did apply to actions of a purely equitable nature, as are these, and that the amendment did not make it applicable. This conclusion seems logical and inevitable upon a careful consideration of its connection with the other· sections, as well as from its reading. If this section now applies to purely equitable actions and creates *a right* in the party to have a trial by jury of questions relating to the amount of damages, then the power of the court in equity is materially shorn, and in a respect which is fundamental; for the verdict, which the jury may render, would be, by the section, made *conclusive* in the equity action, and thus we would have a proceeding quite different from what was formerly a mode of inquiry to aid and to inform the conscience of the court in proceeding to assess the damages. It would no longer be permitted to disregard the verdict, if against its conscience, and to render a decree contrary to it, but would be compelled to accept it. Only legal errors could be availed of to oppose the verdict. In an action upon the ·equity side of the court, in which the cause of action is one mainly and primarily for equitable relief, and where the recovery of damages is incidental to the main relief to be granted, shall we hold, in the absence of unmistakable language, that the legislature has deprived the court of that part of its ancient jurisdiction which authorized it to adjudge such incidental relief in damages as it thought proper, or to withhold it? I think it clear that we should not. · I do not think that any of the powers vested in courts under the Constitution should be taken away by impli-

cation. Yet such would be the result if we affirm the orders below. We should have to imply a legislative intention, from the interpolation of the words in the section, to take away some of the equity ·powers heretofore possessed by the court. The amendment does not convey such an intention, *ex proprio vigore,* and to attach to it a meaning which would deprive the court of a power so important, and which courts of equity jurisdiction have so long possessed, would be contrary to sound principles of statutory construction. To authorize and justify a construction of such destructive tendency, we should have language clearly and unmistakably evidencing that as the purpose of the legislative body.

I think, too, that it is unnecessary to hold that the amendment in question has brought about any such results. The section in question, as it fairly reads, adds to the cases, where trial by a jury of one or more issues of fact is a matter of right, by the Constitution or by express provision of law, questions which arise on the pleadings as to value, or as to recoverable damages, and which are not precisely issues. The questions which arise upon the pleadings in this class of actions, as to the damages the plaintiff should recover, are not questions which either enter into the determination of the right to the equitable relief, or which come up for determination in the alternative, if equitable relief is denied. Allegations of damage from the trespass, or from the invasion of the plaintiff's rights, are necessary, but the court is not concerned with the amount, in the trial of the cause of action. It looks to them no further than to determine if of such substance as to warrant the equitable intervention of the court. Hence, it is apparent that a finding by a jury as to the amount of damages in such an action is quite unnecessary. It has no place in the trial of the issue, and could only be proper after an affirmative decision upon the right to the injunction and in order to assess the damages, which may be incidentally awarded.

In the *Lynch* case we held that the section, as it was, did not require a trial by a jury in these actions, and authority in its amended reading must be found in the mere addition to

the cases where the party was entitled to have issues of fact stated and tried by a jury of other cases, in which he might have any questions as to value, or as to the amount of damage, similarly stated and tried. Preceding this section are section 968, which requires a trial by jury in certain actions, unless waived or referred, and section 969, which provides for the trial by the court of an issue of law in any action, or of an issue of fact in an action not specified in section 968, or wherein trial by jury is not expressly provided for by law. Then follows the present section, and, taken together with the preceeding sections 968 and 969, they comprehend and provide for the mode of trial of all legal actions, in which are presented issues of fact and of law. By the amendment of section 970, the legislature confers the further right upon a party to have specific issues framed for a trial by a jury, where questions as to value, or of recoverable damages, arise upon the pleadings; not, however, by an obvious implication from the recital premising the provision of the section, in actions in equity, where the actual and main issue is the right upon the allegations to equitable relief by way of an injunction; but in those actions where such questions so affect the main issue between the parties as that, the cause of action for equitable relief being determined adversely, the court may proceed to grant some legal relief, or to award damages; or where, to a legal claim, an equitable defense is interposed, in which case the court might direct any question, or the issue of fact, to be tried by a jury; or where in an action for specific performance damages for breach of contract are sought. The section would cover all such and other cases which might be imagined. The very next following section (971) seems to recognize the integral right and jurisdiction of a court sitting in equity to dispose of equitable actions in its own way. It reads that "in an action where a party is not entitled, as of right, to a trial by jury, the court may, in its discretion, upon the application of either party, or without that application, direct that one or more questions of fact arising upon the issues be tried by a jury and may cause these questions to be stated, etc."

Does not that section directly apply to such actions as these and recognize the right of a court of equity, and authorize it, to avail itself of the aid of a jury to inform its conscience as to any assessment of damages? Observe the distinction between section 970, which makes the finding of the jury " *conclusive in the action*," and section 971, which contains no such provision. It seems to me very clear that we cannot give to section 970 the meaning attached to it below, and contended for here, without more or less importing contradiction into the legislative provisions, as contained in it and the following section. It was formerly the rule, and we reasserted it in the *Lynch* case, that in an equity cause trial by a jury is not a matter of right. Section 970 was deemed not to have altered the rule and section 971 expressly authorizes the court, in the exercise of its discretion, to send questions of fact arising upon the issues for a jury trial. Does it not follow, logically, if not irresistibly, that the amendment of section 970 does not apply to the trial of equitable causes; but merely widens the right to a jury trial in those cases to which the section was previously applicable. It is a conclusion which is the safer, therefore, and the wiser to adopt. I say wiser, because, if we adopt the literal reading of the section, it might work mischief and delay. A multitude of questions might be raised as to its applicability to cases to which it ought never to be permitted to extend. Such might be cases of equitable accounting; or where the cause involved a long account, which would be compulsorily referable; or of stockholders' actions against directors or trustees to compel them to make good losses of the corporation alleged to be due to mismanagement; or cases where the amount of damages is not stated for a recovery, but as a *videlicet* to allegations of wrong-doing, as of trustees or of corporate directors.

I think, therefore, we must conclude that it was error for the court below to hold that the defendants were entitled, as matter of right, upon their application under section 970, to an order stating the questions of past damages for trial by a jury; and that the granting of such an order still rests in the sole discretion of the trial court sitting in equity.

· The orders appealed from should be wholly reversed and the application under section 970 denied, with costs to the plaintiffs in the action.

All concur, except EARL, Ch. J., PECKHAM and O'BRIEN, JJ., dissenting.

Order reversed.