KINNAN v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO.

(Superior Court of New York City, General Term. January 3, 1893.)

1. EQUITY JURISDICTION—REMEDY AT LAW—CORPORATIONS—LOST STOCK.
   Act 1873, c. 151, which authorizes the owner of lost or destroyed certificates of capital stock to apply to the courts for an order requiring the corporation to show cause why it should not be required to issue new certificates in place of the lost ones, does not deprive courts of equity of jurisdiction of suits against corporations to compel them to issue new certificates in place of lost ones.

2. CORPORATIONS—OVERISSUE OF STOCK—LOST CERTIFICATES.
   The issue by a corporation of new certificates of stock in place of other certificates, properly issued, which have been lost, does not constitute an overissue of stock.

3. PARTIES—NONJOINDER—PRACTICE.
   Code Civil Proc. § 452, which declares that, "where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in," does not invalidate a judgment rendered in favor of a plaintiff in a suit in which a person alleged to claim adversely to him is not a party, where such person testifies in plaintiff's behalf, showing that she has no claim to the property in suit, and the defendant, with full knowledge of the facts, makes no objection in the trial court on account of nonjoinder.

Appeal from equity term.

Action by Alexander P. W. Kinnan, as executor of Joseph W. Burnham, deceased, against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company, to compel the issuance of certain stock certificates. Plaintiff obtained judgment. Defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

William C. Trull, for appellant.

Hahn & Myers, for respondent.

McADAM, J. The action was to compel the defendant to make and issue to the plaintiff two certificates, for 50 shares each, of the capital stock of said defendant, in place of certificates alleged to have been lost. The complaint alleged, and the plaintiff proved, (1) that in the year 1883 the defendant issued to one Daniel D. Conover two certain instruments known as "scrip certificates," for 50 shares each, of the capital stock of the defendant, under and by virtue of which the holder thereof became entitled to receive 100 shares of the capital stock of the said de-

fendant; (2) that Conover on May 28, 1883, sold and transferred said scrip certificates to Joseph W. Burnham; (3) that Burnham departed this life, leaving a last will and testament, in and by which he appointed the plaintiff his executor, and that the latter duly qualified as such; (4) that said certificates have been lost. Upon these facts the court below made its decree that, upon executing and delivering to the defendant a proper bond of indemnity, (which was thereafter duly executed and approved,) the said defendant issue and deliver to the plaintiff a certificate in due form, according to the prayer of the complaint, stating that Joseph W. Burnham was the owner of and entitled to 100 shares of the capital stock of said defendant.

The defendant, in its first point, challenges the jurisdiction of the court, upon the ground that the plaintiff had an adequate remedy at law; hence was not entitled to invoke the aid of equity. The claim is based upon the act of 1873, c. 151, which provides that—

' Whenever any company incorporated under the laws of this state shall have refused to issue a new certificate of stock in place of one theretofore issued by it, but which is alleged to have been lost or destroyed, the owner of such lost or destroyed certificate, or his legal representatives, may apply to the supreme court, at any special term thereof appointed to be held in the judicial district where such owner resides, for an order requiring such corporation to show cause why it should not be required to issue a new certificate of stock in place of the one so lost or destroyed. "

The procedure is simple and summary in its nature, and fully regulated by the statute in question, which provides, among other things, for a deposit or bond of indemnity by the applicant, and directs that—

"Any person or persons who shall thereafter claim any rights under said certificate so alleged to have been lost or destroyed shall have recourse to said indemnity, and the said corporation shall be discharged of and from all liability to such person or persons by reason of compliance with the order [made in said proceeding.]"

The objection now urged was taken by the defendant in its answer, was insisted upon at the trial, and must be met and decided. The statute does not assume to abridge the equity powers of the courts, but it is contended that, because it furnishes an adequate remedy at law, the jurisdiction of all courts to furnish equitable relief fails as a necessary consequence, and this, without infringing any of the constitutional principles decided in Popfinger v. Yutte, 102 N. Y. 38, 6 N. E. Rep. 259, and kindred cases. Pomeroy, in his work on Equity Jurisprudence, (volume 1, § 279,) lays down the rule applicable to the condition as follows:

"Where the new power is conferred upon the law courts by statutory legislation, the rule is well settled that unless the statute contains negative words or other language expressly taking away the pre-existing equitable jurisdiction, or unless the whole scope of the statute, by its reasonable construction and its operation, shows a clear legislative intent to abolish that jurisdiction, the former jurisdiction of equity to grant its relief, under the circumstances, continues unabridged. It follows, therefore, that where the statute merely, by affirmative words, empowers a court of law to interfere in the case, and to grant a remedy, even though such remedy be adequate, and even though it may be special and equitable in its nature, the previous jurisdiction of equity generally remains."

Among the illustrations given in the succeeding section to sustain the text are actions on lost instruments, bonds, notes, bills, and the like, in

which jurisdiction is retained, notwithstanding the enlarged powers of the law courts to entertain actions on such instruments. To substantially the same effect, see 1 Beach, Eq. Jur. §§ 2, 26; Story, Eq. § 64i; Force v. City, 27 N. J. Eq. 408; Atkinson v. Leonard, 3 Brown, Ch. 218.

In Frey v. Demarest, 16 N. J. Eq. 236, the chancellor said:

"The court of chancery is not deprived of its original jurisdiction in any case, either by the operation of a statute conferring similar jurisdiction upon the common-law courts, or by the adoption of the principles or practice of the courts of equity;" citing Atkinson v. Leonard, 3 Brown, Ch. 218; King v. Baldwin, 17 Johns. 384; Sailly v. Elmore, 2 Paige, 497; Varet v. Insurance Co., 7 Paige, 560; White v. Meday, 2 Edw. Ch. 486.

In the recent case of Schroeder v. Loeber, (Md.) 24 Atl. Rep. 226, the court said:

"It is well settled that the jurisdiction of equity is not divested by a statute which gives a court of law power over the same subject. This is the established doctrine."

Sedgwick, in his work on Constitutional Law, (page 93,) says:

"Where a right originally exists at common law, and a statute is passed giving a new remedy without negative words, the party has an election either to sue at common law or to proceed under the statute."

If the original jurisdiction had been statutory, the new statute might, perhaps, have been held to have been intended as a substitute for the former, as the repeal of a statutory rule is more easily implied than the repeal of a common-law rule. Johnston's Estate, 33 Pa. St. 511. A mere grant of jurisdiction to a particular court, without words of exclusion as to other courts possessing the like powers, will only have the effect of constituting the former a court of concurrent jurisdiction with the latter, (Delafield v. State, 2 Hill, 159, cited and approved in Teall v. Felton, 1 N. Y., at page 545; 1 Kent, Comm. marg. pp. 397, 398,) for the reason that concurrent jurisdiction is not inconsistent, (Cooke v. Bank, 52 N. Y., at page 106.) The practice in regard to street assessment matters throws no light on the matter, for in those cases the courts do not exercise their ordinary jurisdiction, but act in execution of the power specially conferred upon them by the statutes under which the improvements are made. In re Morse v. Williamson, 35 Barb. 472. The act of 1873, supra, which gives a summary remedy to the holder of lost stock certificates, contains no negative words, does not make the jurisdiction exclusive, takes away nothing, is permissive, not mandatory, concurrent, and not exclusive, and gives merely a choice or election of remedies. In Shepard v. Railroad Co., 131 N. Y. 223, 30 N. E. Rep. 187, it was clearly enunciated that none of the equitable powers of the courts under the constitution are to be taken away by implication. As the legislature has not declared the act exclusive either in words or by necessary intendment, it must be assumed that the jurisdiction, so long vested in this court, remains unimpaired by the new summary remedy. Courts possessing jurisdiction in certain matters sometimes decline to exercise it, on grounds of public policy, or where the interests of justice dictate that the party ought to be relegated to some other forum or remedy. Of these cases, a few only need be men-

tioned.  Congress, for example, may confer jurisdiction upon the state courts, but cannot compel these tribunals to entertain the jurisdiction conferred, (1 Kent, Comm. 403;) and the court of appeals, in Burdick v. Freeman, 120 N. Y., at page 426, 24 N. E. Rep. 949, held that—

"The courts of this state may, in their discretion, entertain jurisdiction of an action [for a personal injury] between citizens of another state, actually domiciled therein, where the action was begun and tried, though the injury was committed in the state of their residence and domicile."

If the court in such a case declined jurisdiction, the decision would not prove want of authority to act, but merely an indisposition to exercise power in the given instance.  Such is the effect of the decision in Andrews v. Monilaws, 8 Hun, 67, relied on by the defendant.  There the court declined to exercise its equitable powers because a more suitable remedy had been recently furnished at law.  That case is therefore no authority against the jurisdiction asserted here.  The distinction between declining to exercise a valid and vested jurisdiction and the acts of a court assuming to adjudicate without any jurisdiction is too marked to require elaboration.  The objection to the jurisdiction was therefore properly overruled, and the exception to the ruling wholly without merit. The evidence sufficiently sustains the findings of the court below upon the facts, and an extended review of the evidence becomes unnecessary. The certificates were unquestionably lost and identified as satisfactorily as the nature of the case required.  If the defendant cannot satisfy itself in reference to such identification, there must be something deficient in its system of bookkeeping, a misfortune not chargeable to the plaintiff.

The defendant objected at the trial that no judgment could be awarded in favor of the plaintiff unless Mrs. Burnham, the widow of the testator, was first brought in as a party defendant, under section 452 of the Code, which provides that, "where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."  It appeared that Mrs. Burnham at one time made some sort of claim on the defendant for new certificates in place of those which were lost, and tendered a bond of indemnity, in which it was recited that the lost certificates belonged to her.  The defendant, with knowledge of this claim, did not plead the nonjoinder of Mrs. Burnham, nor make any application prior to the trial to have her brought in as a party.  But all difficulty on this subject was removed when Mrs. Burnham was called and examined on the part of the plaintiff, and denied that she ever claimed the certificates.  She evidently intended to disclaim any ownership, and testified that the original certificates were given to her by her husband merely "to take care of," showing that whatever claim she made must have been in the interest of her husband's estate, rather than in her own right, for she had nothing more than the naked possession, without title.  Her testimony on the witness stand in favor of the claim made by the executor estops her from making any claim on her own behalf now.  Barney v. Dewey, 13 Johns. 224.

The theory urged by the defendant that it may be guilty of an over-

issue of stock if it complies with the decree is answered by the fact that the new issue merely takes the place of the scrip certificates previously issued, (not overissued,) and about which there is no substantial dispute. The number of shares is the same, and, if any overissue results, it must be attributable to something not before the court, having no relation to the plaintiff's stock, and not germane to the issues decided. The court below had power to award costs and an allowance, and, as no fault is found with the amount, we are not disposed to disturb the discretion exercised, which does not appear to have been abused. For these reasons, the judgment appealed from must be affirmed, with costs. All concur.