MAX DANZIGER, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Appellants.

*Trial of equity suits — the verdict of a jury only advisory — order directing the submission of special facts to the jury — binding although erroneously granted — a verdict thereon cannot be disregarded — waiver of the right to a trial by the court.*

It is the rule in the trial of equity suits, where questions of fact are submitted to a jury, to follow the findings of the jury or not, as the conscience of the court may prompt, the verdict being treated as advisory.

Where a court of general jurisdiction in law and equity, having jurisdiction of the parties to an action and of the subject-matter thereof, erroneously makes an order directing the submission to a jury of special questions of fact in a case not authorized by section 970 of the Code of Civil Procedure, such order is not wholly void.

The court having determined that such order was proper and having made the same, the order becomes binding on both the parties to the action, and continues binding upon them until vacated or set aside, and a party who proceeds with the trial of the action without protest or objection assents to the binding force of such order.

The right of the plaintiff in an action to have the court at Special Term, instead of a jury, pass upon the questions of fact involved in the action, whether constitutional, statutory or otherwise, can be waived by him.

The verdict rendered by a jury upon specific questions of fact, submitted to it in an action brought to recover damages, is conclusive until set aside, and upon the trial at Special Term of the action in which such verdict was rendered the court may not treat the verdict as simply advisory, and disregard the same.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of January, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, awarding the plaintiff an injunction restraining the defendants from maintaining their elevated railway structure in front of the plaintiff's premises, unless the defendants pay $10,000 for future dam-

ages to the plaintiff's premises, and awarding the plaintiff $4,000 damages for past damages to said premises, with notice of an intention to bring up for review on such appeal an order made at the New York Special Term and entered in said clerk's office on the 29th day of January, 1894, amending and resettling the judgment of November 9, 1893.

*Julien T. Davies* and *Brainerd Tolles,* for the appellants.

*Louis Sanders,* for the respondent.

PARKER, J.:

Section 970 of the Code of Civil Procedure, providing for a trial by jury in a case where a party as a matter of right is entitled to an order stating specific questions of fact for trial by jury, and providing that the findings of the jury upon each question so stated is conclusive in the action unless the verdict is set aside or a new trial is granted, was, by chapter 208 of the Laws of 1891, amended by adding at the end thereof the following:

"Where one or more questions arise on the pleadings as to the value of property or as to the damages which a party may be entitled to recover, either party may apply upon notice, at any time, to the court for an order directing all such issues or questions to be distinctly and plainly stated for trial accordingly (by jury)."

It was thereafter held by the local courts in a number of cases that it was the right of the defendants in suits similar in character to this to have questions relating to the value of the property and to the amount of damages determined by a jury. The motion made by the defendants in this suit resulted in an order made November 18, 1891, stating two questions for trial by jury.

The order read in part as follows:

"It appearing to the satisfaction of the court that certain questions arise on the pleadings as to the value of property and as to the damages which the plaintiff may be entitled to recover in said action, it is, pursuant to statute in such case made and provided, and on motion of Messrs. Davies, Short & Townsend, attorneys for defendants:

"Ordered, that the said questions be, and they hereby are, stated for trial by jury as follows:"  After stating the questions the order

further directed : " That this cause, for the purpose of determining the said questions so stated, be placed upon the calendar of the Circuit Court, part II, to be held in and for the city and county of New York, at the county court house in the city of New York for December, 1891."

From this order no appeal has ever been taken, and in May, 1892, the questions came on for trial before the court and jury.

No objection was made to the court's proceeding with the trial as directed in the order, and the parties proceeded as if the method of trial provided by the order was entirely regular.

It resulted in a verdict not at all satisfactory to the plaintiff, whose counsel promptly made a motion upon the minutes of the court that it be set aside, which was denied.

Subsequently the suit came on for trial at Special Term, when the defendants caused the facts relating to the making of the order, the trial and the verdict to appear upon the record, at the same time insisting upon the conclusiveness of the verdict until lawfully set aside.

The court refused to so rule, and ignoring the verdict, rendered a judgment in hostility to it.

It is the rule in the trial of equity suits where questions of fact are submitted to a jury, to follow the findings of the jury or not, as the conscience of the court may prompt.

The verdict being treated as advisory, the learned trial court thought this rule applicable to the situation presented on this trial, and reaching the conclusion that the jury had erred in their findings of fact, it refused to follow them, and instead made such findings as it thought the evidence required. Whether it was a mistake to treat the verdict rendered in this suit as a mere recommendation to the court, which it could follow or disregard, presents the question which we shall consider.

Before the trial at Special Term, which took place in March, 1892, the Court of Appeals decided that the amendment to section 970 did not apply to suits of this character. (*Shepard* v. *Manhattan Ry. Co.*, 131 N. Y. 215.)

Thus, it was established that the order in this suit was erroneous, and should not have been granted. But while the court made a mistake in granting the order, and it is now clear that it would have

been reversed on appeal, still the order was not wholly void. The court was one of general jurisdiction in law and in equity. It had jurisdiction of the parties, and of the subject-matter, and being called upon to determine whether, under section 970 of the Code of Civil Procedure, which provides that the findings of a jury upon questions stated thereunder shall be final, the defendants had the right to have certain questions stated for trial by jury, it decided that the pleadings in their statement of facts so far conformed to the requirements of the statute as to entitle the defendants to prevail on the motion. And the order, into which this decision ripened, became at once binding on both parties, and would necessarily so continue until vacated or set aside.

But assuming, for the purpose of the argument, that the order might have been safely ignored ; that the plaintiff, in his further proceedings, could have treated it as if it were of no force or effect whatever, and the situation would be now none the less embarrassing for the plaintiff. For the fact is he did not treat the order as if it were void. On the contrary, he acquiesced in its binding force by proceeding with the trial without protest or objection.

Undoubtedly it was plaintiff's right in the first instance to have the court at Special Term, instead of the jury, pass upon the questions of fact. But that right or any other, whether constitutional, statutory or otherwise, he could waive. And he did waive it by omitting to appeal from the order, and proceeding under it to trial before the court and a jury without protest or objection down to the point where everything which the order provided should be done had been done.

Indeed, he did not even then call in question the regularity of the procedure under the order. His motion was to set aside the verdict of the jury on the usual grounds, and not that the jury was without authority to pass upon the questions which had been submitted to them.

The verdict rendered, therefore, was conclusive until set aside. The questions necessarily disposed of in reaching the verdict were passed upon in another form, it is true, than the plaintiff could have had, but, nevertheless, one which he had accepted as a proper one for the purpose after the making of the order, and, therefore, he was bound by the verdict until set aside.

Not only at the opening of the trial, but later on by proposed findings of fact and conclusions of law, the defendants called to the attention of the court the question we have discussed, and the exceptions taken thereto, as we think, present an error which requires a reversal of the judgment.

The judgment should be reversed, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.