Argued December 23, 1927, affirmed January 10, 1928.

## STATE EX REL. DUNCAN v. CHARLES J. DEAN.

(262 Pac. 936.)

**Physicians and Surgeons—Right to Object to Jury Trial of Whether Physician was Guilty of Misconduct, Warranting Revocation of License, was Waived by Consenting to Impaneling and Swearing of Jury (Or. L., § 8555).**

1. Right to object to jury trial, under Section 8555, Or. L., of issue as to whether physician and surgeon was guilty of unprofessional conduct, warranting revocation of license to practice, was waived, where parties consented to impaneling and swearing of jury to try issue.

**Physicians and Surgeons—Court Did not Lose Jurisdiction Over Appeal from Order Revoking Physician's License by Submitting Misconduct Issue to Jury (Or. L., § 8555).**

2. Court did not lose jurisdiction over appeal from order revoking license of physician and surgeon to practice, taken under Section 8555, Or. L., by any error in submitting issue whether defendant was guilty of unprofessional conduct to jury.

---

Appeal and Error, 3 C. J., p. 806, n. 55.
Courts, 15 C. J., p. 823, n. 67.
Juries, 35 C. J., p. 224, n. 16, 17, 18.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. W. F. Magill,* with an oral argument by *Miss Grace E. Smith,* Assistant Attorney General.

For respondent there was a brief over the name of *Messrs. Lonergan & Wagner,* with an oral argument by *Mr. Frank J. Lonergan.*

BELT, J.—The State Board of Medical Examiners revoked the license of defendant to practice in Oregon as a physician and surgeon, by reason of alleged unprofessional conduct. Defendant thereupon appealed to the Circuit Court and the cause was submitted to a jury which returned a verdict in favor of the defendant. Judgment was entered ''in compliance and in conformity with said verdict'' and the order of the State Board of Medical Examiners was reversed. Hence this appeal.

1. It is urged for the first time on appeal that the Circuit Court erroneously submitted to a jury for its determination the question as to whether the defendant was guilty of unprofessional conduct. It is now too late to complain. The jury was impaneled and sworn to try this matter with the consent of the parties. Having in effect stipulated that the matter should be decided by the jury, the board now complains of an adverse finding. As stated in 35 C. J. 224:

''In a case not of right triable by jury a party cannot complain that the case was so tried if he did not object to that mode of trial, or if he failed to object

until after a jury was sworn and impaneled to try the case; and even where the party has an absolute right to have certain issues tried by the court, the right may be waived and is waived by proceeding to trial before the jury without any protest or objection." Citing *Danziger* v. *Metropolitan Electric R. R. Co.*, 81 Hun, 5 (30 N. Y. Supp. 580); *Wright* v. *Wright*, 50 Tex. Civ. App. 459 (110 S. W. 158); *Houston Real Estate Inv. Co.* v. *Hechler*, 47 Utah, 215 (152 Pac. 726), which support the text.

2. It is unnecessary to decide whether the defendant, under Section 8555, Or. L., was entitled as a matter of right to a jury trial. It is certain that the court had jurisdiction of the subject matter and the parties. Assuming, without deciding, that it was error to submit this cause to a jury, such action would not have the effect of depriving the court of jurisdiction.

The judgment of the Circuit Court in reinstating the license of the defendant is affirmed.

Affirmed.