WILLIAM F. STRANG, Plaintiff, *v.* PEARL ROSNER and Others, Defendants.

Supreme Court, Monroe County, January 26, 1931.

*Mann, Strang, Bodine & Wright,* for the plaintiff.

*Abbott, Rippey & Hutchens,* for the defendant Pearl Rosner.

RODENBECK, J. The action is one to foreclose a mortgage. The answer seeks to set aside the mortgage on the ground of duress, fraud and mistake, and asks for damages.

The gist of the defense and counterclaim is the invalidity of

the bond and mortgage, the demand for damages being incidental thereto. If these facts were set up in an action by the defendant against the plaintiff, the cause of action would be an equitable one and would not be triable as of right by a jury. The situation with reference to the right to a jury trial is not changed because the facts are set up as a defense or counterclaim in an equitable action to foreclose the mortgage. " It has always been a well settled and familiar rule that when a court of equity gains jurisdiction of a cause before it for one purpose, it may retain it generally. To do complete justice between the parties a court of equity will further retain the cause, for the purpose of ascertaining and awarding the apparent damages, as something which is incidental to the main relief sought." (*Lynch* v. *M. E. R. Co.*, 129 N. Y. 274, 280.) " The questions which arise upon the pleadings in this class of actions, as to the damages the plaintiff should recover, are not questions which either enter into the determination of the right to the equitable relief, or which come up for determination in the alternative, if equitable relief is denied." (*Shepard* v. *M. R. Co.*, 131 N. Y. 215, 224.)

Motion denied, with ten dollars costs to abide the event.

So ordered.