## NAYLOR et al. v. JENSEN et al.

No. 2127.   Decided November 28, 1910.   Petition for Rehearing
January 6, 1911 (113 Pac. 73).

1. TRIAL—FINDINGS—EQUITY CASE. Where a legal cause of action is set up by way of cross-complaint in a suit in equity, and the issues in such cross-complaint are without objection transferred to the law division and tried by a jury as an ordinary law action without special interrogatories, and a general verdict is returned, such verdict cannot be reviewed by the trial court on the ground that the submission on which it was based was of an issue in equity. (Page 319.)

2. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS—EQUITY CASES. Where the parties in an action to cancel a mortgage in which a cross-complaint for damages was filed had by submitting the issues arising upon the cross-complaint to the jury as in an ordinary legal action, a general verdict being returned, precluded themselves from insisting that the trial court review the evidence upon such issues, the Supreme Court cannot pass upon the weight of such evidence and order findings of fact and conclusions of law, as it may ordinarily do in equity cases. (Page 320.)

3. CANCELLATION OF INSTRUMENTS—VERDICT—ISSUES DECIDED. In a suit to cancel a mortgage, a verdict on issues as presented by a counterclaim and cross-complaints and the answers thereto, *held*, to have disposed of all of the issues in the case. (Page 325.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by George Naylor and another against Joseph M. Jensen, John Y. Rich, and another, in which Rich counterclaimed and filed a cross-complaint against W. S. Naylor and others.

Judgment for plaintiffs. Rich appeals.

AFFIRMED.

*Booth, Lee, Badger, Rich & Lewinsohn* for appellant.

*J. D. Pardee* and *G. M. Sullivan* for respondents.

### APPELLANT'S POINTS.

An order entered by a court of law upon a feigned issue is not reviewable even though it is called a judgment, and so the whole case is open for review in this court. (*Irrigation Co. v. Canal Co.,* 14 Utah., 155; *Popp v. Mining Co.,* 22 Utah 457; *Steam Laundry v. Dole,* 20 Utah 469; *Peake v. Peake,* 17 S. C. 421; *Sloam v. Westfield,* 11 S. C. 445.)

The verdict of a jury upon a feigned issue is not conclusive but is advisory only. (*Smith et al. v. Richardson et al.,* 2 Utah 424; *Toltec Ranch Co. v. Cooke et al.,* 24 Utah 453; *Grand Central Mining Co. v. Mammoth,* 29 Utah 490, 572.) This rule applies when a law question is involved in an equity case, because when part of the suit is of equitable cognizance the whole controversy is drawn into equity. (*Reichert v. Krass,* 40 N. E. 706 [Ind. App.]; *Kelley et al.*

*v. Bell,* 83 N. E. 773 [Ind. App.]; *Barnes v. Johnson,* 111
S. W. 372 [Ky.] )

It is error for the chancery court acting in a merely min-
isterial capacity to enter its decree simply upon the jury's
verdict. (*Fisher v. Carrell,* 46 N. C. [1 Jones Law] 27;
*Stahl v. Gottzenberger,* 45 Wis. 121; *Lepper v. Lyon,* 68
Mo. 216; *Tobin v. O'Breiter,* 85 Pac. 1121 [Okla.], 16 Cyc.
425.)

When sheep are accepted upon a contract the terms of the
contract regarding their quality cannot be contradicted. (24
Am. and Eng. Ency. of Law [2d Ed.], 1092-1093.)

Negotiations prior to and contemporaneous with a written
contract cannot be shown to vary or contradict the contract.
(Elliott on Evidence, sec. 578, p. 656 and note 53.)

A written contract required to be in writing by the stat-
ute of frauds may not be varied by a subsequent oral agree-
ment. (*Heisley v. Swanstrom,* 41 N. W. 1029 [Minn.];
*Warren v. Meyer,* 61 S. W. 644 [Mo.]; *Swain v. Seamens,*
9 Wall. 254, 19 L. Ed. 554, 560; *Abell v. Munson,* 18
Mich. 306, 100 Am. Dec. 165, 167; Montograph notes in
100 Am. Dec., at pp. 160-172 and 56 Am. St. Rep., at p.
671.)

Part payment of liquidated claim unaccompanied by any
other lawful consideration is insufficient to support an ac-
cord and satisfaction. (*Demeules v. Jewel Tea Co.,* 103
Minn. 150, 123 Am. St. Rep. 315; *Martin v. Frantz,* 127
Pa. St. Rep. 389, 14 Am. St. Rep. 859; Monograph notes
in 100 Am. St. Rep. 429-430, 64 Am. Dec. 138-140.)

By the term "liquidated" is meant "a sum which cannot
be varied by proof;" or that "the amount has been deter-
mined or the data settled upon by which the amount can be
calculated." (Words and Phrases, vol. 5, p. 4174, title
Liquidated; *Treat v. Price,* 47 Neb. 876, 66 N. W. 834,
836.)

A surety is not discharged by any act varying his obliga-
tion to which he consents. (*Waodcock v. Oxford and Wor-
cester Ry. Co.,* 1 Drewrey 521, 61 reprint 551; *Adams v.*

*Heighler,* 121 Ga. 659, 61 S. E. 639; *Mundy v. Stevens,* 61 Fed. 77, 32 Cyc. 159.)

RESPONDENTS' POINTS.

A contract of rescission, satisfaction and discharge, does not add to, nor take from, nor vary the terms of the original written contract, but puts an end to such contract by performance. (Bishop on Contracts, sections 814 and 815; 29 Am. and Ency. Law [2d Ed.], p. 827; *Goman v. Salisbury,* 1 Vern. 240; *Phelps v. Seeley,* 22 Gratt. (Vir.) 573; *Marsh v. Bellew,* 45 Wis. 36; *Jones v. Booth,* 38 Ohio State 405; *Picker v. Fitzelle,* 60 N. Y. App. Div. 451; *Miller v. Pierce,* 104 N. C. 389; *Bowman v. Cunningham,* 78 Ill. 48.)

On the equity branch of the case, under the rule, this court should reverse or modify on the facts, only where it found that the findings of fact by the trial court, whether entirely upon its own responsibility, or whether induced by the advice of a jury, were so clearly against the weight of the evidence, as to defeat the inherent justice of the case. (*McKay v. Farr,* 15 Utah 261; *Hague v. Nephi Ir. Co.,* 16 Utah 421; *Silver City Mfg. Co. v. Laurie,* 19 Utah 234; *Center Creek Ir. Co. v. Thomas,* 19 Utah 360; *McCornick v. Mangum,* 20 Utah 17; *Klopenstine v. Hayes,* 20 Utah 45; *West Point Ir. Co. v. Moroni Ir. Co.,* 21 Utah 229; *Miller v. Livingston,* 22 Utah 174; *Cavanaugh v. Salisbury,* 22 Utah 465; *Elliott v. Whitmore,* 23 Utah 342; *Bunkerhill Mfg. Co. v. Pascoe,* 24 Utah 60; *Murray Hill Mfg. Co. v. Havenor,* 24 Utah 73; *Wilson v. Cunningham,* 24 Utah 167; *Harter v. Sorenson,* 24 Utah 342; *Gorringe v. Reed,* 24 Utah 455; *Promontory Co. v. Argyle,* 28 Utah 398; *Grand Central Mfg. Co. v. Mammoth Mfg. Co.,* 29 Utah 490; *Redwing Mfg. Co. v. Clays,* 30 Utah 242; *Jones v. Bonanza Mfg. Co.,* 32 Utah 440; *Henker v. Lindsay,* 34 Utah 298.)

FRICK, J.
This is an appeal from a judgment or decree in equity rendered in the district court of Salt Lake County. The

record is of great length; the pleadings alone covering more than seventy pages of the printed abstract. While the assignments of error are very numerous, yet, because of the views that we entertain of the case, it will be unnecessary to refer to the assignments in detail. In order to assist the reader to arrive at a better understanding of the real basis of our conclusions, we deem it necessary to make a somewhat lengthy statement of the history of the transactions and of what we deem to be the controlling facts.

On the 8th day of October, 1901, Joseph M. Jensen and Benham Hunsaker, as "parties of the first," and George Naylor (one of the plaintiffs), Nelson A. Naylor, Lester O. Naylor, W. S. Naylor, and W. G. Clark, as "parties of the second part," entered into an agreement in writing whereby the first parties leased and delivered to the second parties a large number of sheep, in two bands or herds, to be retained and cared for by the second parties for the term of three years upon the terms and conditions contained in said written agreement. As a partial security for the faithful performance of the promises and undertaking of the second parties the plaintiff, George Naylor, jointly with his wife (the other plaintiff), namely, Hulda C. Naylor, executed and delivered a certain mortgage whereby they conveyed certain real estate to said first parties; and W. S. Naylor and W. G. Clark, two others of the second parties, as additional security for the purpose aforesaid, also made and delivered to said first parties a chattel mortgage covering a band of sheep owned by the last-named parties in Tooele County. Some time in the summer of 1902, Joseph M. Jensen assigned all his interest in said agreement and in the sheep leased as aforesaid to the appellant John Y. Rich, and it is claimed that thereafter all of the sheep in which the parties of the second part, excepting W. S. Naylor and W. G. Clark, claimed any interest, were returned and redelivered to said Hunsaker and Rich. It is also alleged that at that time an agreement was entered into between said Hunsaker and Rich and said Naylors and Clark whereby, for certain considerations passing between them, George Naylor, one of the

plaintiffs, and Nelson A. and Lester O. Naylor, were to be and were fully released and discharged from all the obligations by them assumed in said agreement and lease, and, further, that the plaintiffs George Naylor and Hulda C. Naylor, together with the real estate mortgage given by them, were to be and were in fact released and discharged, but it is claimed that said first parties neglected and refused to release or discharge said real estate mortgage by entering satisfaction thereof of record. After all of the foregoing transactions, and others which it is not deemed necessary to state, had taken place, the plaintiffs commenced this action in equity against said Jensen, Hunsaker, and Rich, the latter as the assignee of said Jensen. In their complaint, among other numerous allegations, they substantially alleged the facts we have just stated, and asked the court to find and declare that the plaintiffs were released and discharged from all liability on account of said agreement and lease, and of the obligations assumed by them by reason of the execution and delivery of said real estate mortgage, and that said mortgage be canceled and satisfied of record. Jensen and Hunsaker appeared in the action, and practically disclaimed any interest in the subject-matter thereof; that is, they disclaimed having any present interest either in the lease or the sheep mentioned therein, or in said real estate mortgage, and asked for no affirmative relief. The appellant John Y. Rich also appeared in the action, and in his answer he set forth the making of the lease and the delivery of the sheep thereunder by Jensen and Hunsaker and the assignment to him to Jensen's interest. He also alleged a number of breaches of the conditions of the lease, and claimed a large amount of damages by reason thereof. He denied the allegations of plaintiff's complaint that they had been released from the obligations assumed by them in the real estate mortgage, and averred that the mortgage (with the exception of a partial release made by him) was still in full force and effect. In a counterclaim he asked that the mortgage in question to be foreclosed and the mortgaged premises sold and the proceeds of said sale applied to the satisfaction of any judg-

ment for damages that he might obtain against the Naylors and Clark for the alleged breaches of the agreement and lease.   In this connection appellant, in the nature of a cross-complaint, asked that W. S. Naylor, Nelson A. Naylor, and Lester O. Naylor and W. G. Clark be made parties to the action, and that they be required to plead to the cross complaint, and demanded judgment for the damages aforesaid against them.   The court granted the request, and said Naylors and Clark were accordingly made parties to the action. They appeared and set up various defenses to the matters set forth in the cross-complaint.   The whole matter respecting compromises and settlements and transactions had between the parties subsequent to the original delivery of the sheep were set forth in the answers to the cross-complaint by the respective parties, to all of which the appellant filed a reply.   Appellant had thus brought new parties into the case and had by way of cross-complaint, as provided by section 2974, Comp. Laws 1907, set forth a cause of action for damages for an alleged breach of contract against such new parties.   The cause of action in the cross-complaint, so far as it affected the parties other than the plaintiffs, was purely legal; that is, it was in the nature of an action for damages for an alleged breach of contract.   The action instituted by the plaintiffs, on the other hand, was purely equitable.

After the issues had all been made up on the cross-complaint filed by appellant, the new parties who had been brought into the case insisted that the issues presented by the cross-complaint and the answers thereto were purely legal, and they demanded a jury trial.   To this appellant made no objection, and the court granted the request.   The issues arising upon the cross-complaint and the answers interposed thereto were accordingly all transferred to the law division of the district court and were there tried to a jury, as law actions are usually and ordinarily tried and determined; that is, no questions of fact were submitted to the jury to be answered by them in a special verdict or by answering specific questions, as is usually done, when specific questions of fact are submitted to a jury in equity cases, but the issues

arising upon the cross-complaint and the answers thereto were all tried and submitted to the jury as in a law case, and a general verdict was returned by the jury, by which, under the instructions of the court, the jury disposed of all the issues which arose on the pleadings before referred to. By their verdict the jury found the issues on the cross-complaint and answer thereto filed by W. S. Naylor and W. G. Clark in favor of appellant and assessed the damages against them at nine thousand dollars, while upon the issues raised by the parties other than said Naylor and Clark, including the plaintiffs, the jury found against appellant and in favor of said parties. The court entered judgment in favor of George Naylor, the plaintiff, Nelson A. and Lester O. Naylor, dismissing appellant's counterclaim as against them, and, further, that the appellant "has no cause of action against them" or either of them. Appellant filed a motion for a new trial upon various grounds, by reason of which he sought to have the verdict and judgment, in so far as it was against him and in favor of the Naylors aforesaid, set aside. The court, however, approved the verdict of the jury, and denied the motion. Some time after these proceedings were concluded, counsel for plaintiffs filed a motion in the equity division of the court, and asked that court to enter judgment as prayed for in the complaint of plaintiffs. This motion was resisted by appellant, and he, in substance, contended that the verdict of the jury was merely advisory to the court; that the evidence did not sustain the verdict in various particulars; that the court, sitting as a court of equity, should then review and pass upon all the evidence that had been submitted to the jury upon all the issues that were presented by the cross-complaint and the answers thereto filed in the case as before stated; and that the court should make its findings of fact and conclusions of law upon all the issues as though the matters had not been submitted to and passed on by the jury as aforesaid. The court refused to pass upon the evidence, but held the verdict of the jury and the judgment based thereon as conclusive upon all the issues that were presented to the jury, and made findings of fact and

conclusions of law upon the equitable claims of plaintiffs and entered a decree canceling the real estate mortgage given by them which they asked to have canceled and declared satisfied in their complaint. Appellant filed another motion for a new trial, which was overruled, and, as before stated, he now appeals only from the judgment entered by the equity division of the district court.

It is seriously urged that among other errors the trial court erred in not reviewing and passing upon all the evidence submitted to the jury upon the issues presented by the cross-complaint and the answers thereto, that the evidence is insufficient to sustain the verdict of the jury, and that the court erred in not making findings of fact and conclusions of law, and in not entering judgment in favor of appellant upon all the issues. It is undoubtedly true that in equity cases certain issues of fact may be submitted to a jury, and that their findings thereon are ordinarily merely advisory to the court. Such procedure might have been followed in this case notwithstanding the fact that appellant in his cross-complaint had presented matters ordinarily cognizable in a court of law. But the parties to this action did not proceed in that way. The Constitution of this state in section 19 of article 8 provides "there shall be but one form of action, and law and equity may be administered in the same action." No doubt the framers of the Constitution thereby intended to permit the parties to actions to dispose of all questions, whether legal or equitable, in one and the same action. Of this right appellant availed himself when he filed his cross-complaint and brought in the new parties. After this cross-complaint had been filed and all the parties were before the court, and the issues had been made up, the law issues, as they were denominated by the parties, were as we have seen on motion of plaintiffs' counsel transferred to the law division of the court to be there tried to a jury. All of the issues arising upon appellant's cross-complaint and the answers thereto were by the apparent consent of all the parties in interest, thus submitted to a jury, and the case was tried in the ordinary way that law cases are tried

and submitted. The issues of fact were numerous and complicated, including, among others, questions of settlement, accord, and satisfaction, release, and discharge of some of the parties to the original agreement or lease as well as questions relating to breaches of the provisions of said agreement and lease and the consequent damages resulting from such breaches. All these matters were under instructions of the court with respect to the law arising upon the issues of fact, of which instructions no complaint is made, submitted to the jury, and the conclusions reached by them upon all of these questions is included in their general verdict. All of the parties to the action, including the appellant, thus apparently treated the case, at least so far as the issues of fact were concerned, as purely a law case, tried and submitted it as such, and took their chances of obtaining a verdict from the jury either for or against their contentions. Upon the verdict of the jury thus obtained, the court entered a judgment, and thereby, we think, concluded all of the matters that were submitted to the jury. Appellant in his motion for a new trial, in so far as the verdict of the jury was against W. S. Naylor and W. G. Clark, and in his favor for damages, did not assail it, but attacked it only in so far as it was against his contentions. The whole conduct of the case and the proceedings had indicated that all of the parties to the action treated the trial to the jury as a complete trial of the issues, the same as such issues are usually tried and determined in law cases. This being so, we think the district court was right in holding that the parties by their conduct were concluded by the verdict, and could not again try the issues that had been submitted to and passed on by the jury. All of the issues of fact were peculiarly matters for the jury to pass on. The parties all seemed to recognize this fact, and hence did not avail themselves of the opportunity of simply submitting to the jury certain questions of fact, and have the jury answer such questions in accordance with their conclusions. Instead of this, all the issues were submitted to the jury in the usual way and a general verdict asked at their hands. While this

may have been somewhat irregular, yet there is nothing made to appear why the trial of the issues in that way was not as fair for one as for the other of the parties, and appellant made no such claim in his motion for a new trial. The principle involved here, therefore, bears some resemblance to the one passed on in the case of *Grand Cent. M. Co. v. Mammoth M. Co.,* 36 Utah 364, 104 Pac. 573, where this court in effect held that parties to an action by their conduct may treat what would otherwise not be a final and appealable judgment as such, and, if they do so, they may be bound by the result reached on the premature appeal.

In view of all the proceedings had in this case, and in view of the conduct of the parties to the action, and of the general verdict returned by the jury, we are of the opinion that the evidence submitted to and passed on by the jury was not open for review by the court sitting as a court of equity; and, in view of the whole record presented on appeal, we cannot pass upon the weight of the evidence and order findings of fact and conclusions of law as may ordinarily be done in actions in equity. To avoid a misapprehension of the scope of this decision, we remark that we do not hold that in equity cases where special issues of fact are submitted to a jury that their findings thereon are ordinarily more than advisory to the court; but what we do hold is that under the peculiar facts and circumstances of this case and by reason of the proceedings had and the conduct of the parties to the action they are precluded from again trying the issues submitted to the jury, and are bound by their verdict and the judgment rendered thereon.

It follows from what has been said that the court sitting as a court of equity had no alternative, but was required to make the findings of fact and conclusions of law, and to enter the judgment thereon as it did. It further follows that, in view of the conclusions reached, all the other assignments of error are not properly reviewable by us on this appeal, and hence but one result is permissible, namely, to affirm the judgment. Nor, in view of the result reached, is it necessary to pass upon the motion of two of the re-

spondents to dismiss the appeal as against them for the alleged reason that it was not taken in time.

The judgment is therefore affirmed, with costs to respondents.

STRAUP, C. J., and McCARTY, J., concur.

### PETITION FOR REHEARING.

FRICK, J.

Counsel for apppellant have filed a petition for a rehearing supplemented by an argument in which they strenuously insist that we erred in assuming that practically all the issues of fact presented by the pleadings were submitted to and passed on by the jury as issues of law. Upon the contrary, they insist that only certain specific issues were submitted to the jury, and that, therefore, there are some questions both of law and fact that have not yet been passed on.

In deference to counsel's request for a rehearing, we have again carefully gone over the entire record with the result that we are more firmly convinced, if possible, than ever that our former conclusion is not only right, but is the only one permissible in view of the entire record. As we said in the opinion, the record is entirely too voluminous to admit of even a condensed statement of either the issues or the evidence except in the most general terms. We remark, however, that the only equitable features of the entire case were presented in the complaint of George and Hulda Naylor wherein they sought a cancellation of their mortgage, and in appellant's counterclaim, in which he sought a foreclosure of the mortgage in question. In view that counsel insist that we have misconceived the issues presented for determination by the jury, and that we have not stated them correctly, we shall restate them in the briefest terms possible, namely: (1) George and Hulda Naylor by their complaint sought a cancellation of the mortgage which they made

and delivered to secure the faithful performance of the stipulations of a certain contract. (2) Appellant's answer to said complaint in which he denied the claims of George and Hulda Naylor and affirmatively set forth the facts why those claims should not prevail. (3) Appellant's counterclaim wherein he set forth the making of the contract aforesaid and his interest therein, the obligations thereby assumed by George and Hulda Naylor and others who were parties thereto, the breaches of said contract and the amount of damages he sustained by reason thereof, the giving of the mortgage to secure any possible damages that might arise by reason of the breaches of the contract, and, lastly, that the mortgage be foreclosed and the mortgaged premises sold, and the proceeds thereof applied to pay such damages. (4) Appellant's cross-complaint, in which he sets forth that said George, Nelson A., Lester O. and W. S. Naylor, and W. G. Clark, were all parties to said contract, and again recites the alleged breaches thereof and the amount of damages he sustained by reason thereof, and therefore prays that the parties last named, except George Naylor, be made parties to the action and be required to defend therein. The order was made and the parties all appeared in the action. W. S. Naylor and W. G. Clark made no special defense, except that they were bankrupts and had been discharged as such. The other Naylors, however, answered in detail, and after, in part at least, denying the alleged breaches of the contract, they affirmatively averred that the terms of the contract had in part at least been complied with; that with respect to other parts a settlement had been had; that all the Naylors, except W. S. Naylor, had been discharged and released from any and all obligations assumed by said contract; and, lastly, alleged fraud and misrepresentation in material matters on the part of appellant's assignors who were parties to said contract. They therefore prayed that appellant take nothing by his counterclaim and cross-complaint, and that the mortgage be canceled as prayed for in the original complaint of George and Hulda Naylor.

To these defenses appellant replied by denying some and by avoiding others. When the issues had thus been framed, all the parties herein moved the court to transfer "the above-entitled cause from the equity division of this court to the law division thereof." Subsequently, after the attorneys for all the parties, including appellant, had argued the matter, the court made an order in which it appears that "by consent of the respective attorneys it is ordered that the within case be, and it is hereby, transferred to the law division of this court." The case came on for trial in that court, and the court in its charge to the jury submitted to them all the issues that were presented by appellant's answer and counterclaim, including the allegations contained in his cross-complaint, the issues presented by the Naylors in their answer to the counterclaim, and by the reply of appellant thereto. The issues alone, as submitted to the jury, cover twelve sheets of typewritten legal cap. In submitting the issues, nothing was omitted except the question of whether the mortgage should be canceled on the one hand, or whether it should be foreclosed on the other. These were, however, not issues of fact, but were to be determined alone from what the jury might find to be the facts. The principal defenses in the answer of the Naylors other than W. S. Naylor were that the interest in the sheep leased by the contract in question had been divided, the Naylors other than W. S. Naylor having taken one-half and W. S. Naylor and W. G. Clark the other half, that the mortgage was thereafter held only for the first half, that there had been a full settlement with respect to the first half, and that the parties, including the mortgagors, were therefore released and discharged from all obligations with respect thereto, and that by reason thereof the mortgage given by George and Hulda Naylor was discharged and should be released of record. Appellant joined issue upon these defenses in his reply, and the whole matter was submitted to the jury as aforesaid. The jury were asked to determine whether the Naylors other than W. S. Naylor and W. G. Clark were liable in damages to appellant and in what amount, if any. The jury returned a

general verdict in which they found that the Naylors other
than W. S. Naylor and W. G. Clark were not indebted to
appellant, but that W. S. Naylor and W. G. Clark were
indebted to him in the sum of nine thousand dollars.    After
this verdict was returned as stated in the opinion, appellant
filed a motion for a new trial so far as the verdict was in
favor of the Naylors.    The motion was denied.    The legal
status of the case thus was simply this:    All the issues to
be tried in the case were presented by appellant's counter-
claim and cross-complaint, the answer containing the affirma-
tive defenses to the counterclaim and cross-complaint filed
by the Naylors and Clark and appellant's reply to these
answers.    Te question whether the mortgage given by George
and Hulda Naylor should be canceled or not therefore de-
pended entirely upon whether the defenses set up by them
and the other Naylors interested with them were established
or not.    If they were established, nothing remained for any
court to do except to enter a decree canceling the mortgage,
and, if not established, then to order a decree of foreclosure
for the amount found due the appellant for the established
breaches of the contract.    The jury must have found that
there was a segregation of the interests of the Naylors other
than W. S. Naylor and W. G. Clark, and that the former
had fully settled all claims against them on the contract,
while W. S. Naylor and W. G. Clark alone were indebted
to appellant on the contract for said sum of nine thousand
dollars.    The question of whether the interests under the
contract were divided between the Naylors other than W. S.
Naylor on the one hand and W. S. Naylor and W. G. Clark
on the other was directly presented by the pleadings and
issues submitted to the jury, and hence was included in their
general verdict.    If there was such a division, and the jury
must have found that there was, and they further must have
found that nothing was owing upon the half interest for
which the mortgage was to stand as security after the divi-
sion, and if this be true, then there was nothing for which
the mortgage could be foreclosed, and as we said in the
opinion, the court could do nothing else except what it did,

namely, enter a decree canceling the mortgage and dismiss the appellant's counterclaim so far as the same related to the Naylors other than W. S. Naylor and W. G. Clark and to the foreclosure of the mortgage, for the reason that the jury had disposed of the questions of fact presented by the counterclaim and answers thereto, and there were no other questions of fact to be passed on. Counsel are therefore in error in saying that there are any questions of either law or fact left undisposed of. Nor can they complain because the court did not in terms review all the facts that were presented to the jury, and declined to make his own findings thereon. Courts certainly have the right to treat questions as the parties to the action have treated them and to deal with them accordingly. If counsel's contentions are sound that they did not treat the submission of the questions of fact to the jury and their general verdict thereon as final, why did they make a motion for a new trial? If the verdict was to be advisory only, no motion for a new trial was necessary or even proper. All that counsel need have done was to ask the court to make findings of its own either in harmony with the findings of the jury or contrary thereto. While, as we have said in the principal opinion, the proceedings were somewhat irregular, yet neither party is in a position to complain of the irregularities.

The petition should be, and it accordingly is, denied.

STRAUP, C. J., and McCARTY, J., concur.