HOUSTON REAL ESTATE INV. CO. et al. v. HECHLER, YERRICK v. HOUSTON REAL ESTATE INV. CO. et al.

No. 2749.   Decided July 20, 1915.   Petition to Make More Specific Order Remanding Withdrawn November 17, 1915.   (152 Pac. 726.)

> TRIAL—BY JURY—WAIVER OF TRIAL BY COURT—EQUITY CASE. The case having, up to rendition of verdict, disposing of the whole issue, been treated by the parties and court as one triable by jury, one of the parties having merely suggested to the judge in chambers, during an intermission, that he thought the case equitable, and the verdict advisory merely, the court was required to render judgment on the verdict, and could not make findings at variance with the verdict, and thereon render judgment.[1]

Appeal from District Court, Third District, *Hon. Geo. G. Armstrong*, Judge.

Action by the Houston Real Estate Investment Company and another against L. L. Hechler, in which Carrie A. Yerrick and other intervened.

---

[1] *Naylor* v. *Jensen*, 38 Utah, 310, 113 Pac. 73.

Judgment.   Carrie A. Yerrick, intervener, appeals.

REVERSED AND REMANDED, with directions.

*G. N. Lawrence* and *A. T. Sanford* for appellant.

*Stephens & Smith* and *Howat, Macmillan & Nebeker* for respondents.

STRAUP, C. J.

This case was tried to the court and a jury.   The whole of the issues, on instructions by the court as to the law, was submitted to the jury for their determination.   A verdict determining the issues was rendered by the jury.   When the verdict was rendered, and before judgment was entered, counsel for respondents, in open court, made the claim that the action was equitable, and that the verdict was merely advisory, and not binding, and stated that they would propose findings of fact for the court.   The appellant contended the issues were triable by jury, and, at all events, that the verdict was binding, and asked judgment on the verdict. The court refused to so enter judgment.   Thereafter, and over the appellant's objections, findings were proposed by the respondents, which were signed and filed by the court, and which were at variance with the verdict.   Upon such findings, judgment, over the appellant's objections, was rendered and entered.   The appellant complains of that, and urges that judgment ought to have been entered on the verdict.

That the parties and the court, up to the rendition of the verdict, treated the case and the issues as triable by jury, cannot be doubted.   The only thing claimed by the respondents to show the contrary is this:   Just before the conclusion of the evidence, and when one of counsel for the respondents, at an intermission, and in the judge's chambers, handed his requests to charge to the judge, he, in the absence of counsel for appellant, stated to the judge that he regarded the case as one in equity, and the jury's verdict as merely advisory. It is not made to appear that the judge then acquiesced in that.   Later, when counsel for the appellant, also at an intermission, and in the judge's chambers, handed the judge

his requests, the judge stated to appellant's counsel what respondents' counsel had stated. Appellant's counsel did not agree to that and contended the issues were triable by jury, and that their verdict would be binding. Still later, and at another intermission, the judge, in his chambers, and in the absence of appellant's counsel, stated to respondents' counsel the claim made by appellant's counsel.

Notwithstanding all that, each party, the respondents as well as the appellant, proposed requests, not on the theory of a mere advisory verdict, but on the theory that the issues were triable by jury, and that their verdict was determinative of the whole issue and binding, and on that theory, and no other, did the court submit the case. That is not disputed. The verdict as rendered disposed of the whole issues. That also is not disputed. At no time did the respondents object to a trial by jury. To the contrary they consented and acquiesced in such a trial. Their suggestion to the judge in chambers at an intermission, when the evidence was about all in, that they thought the case was equitable, and the verdict advisory merely, amounts to nothing. Objections that issues are not triable by jury should be timely made to the court, and ought to appear of record, by the right record, the court's record. Settling in a bill, not court proceedings, but conversations between the judge and counsel in the corridor, or on the elevator, or in chambers, is nothing. As well settle a conversation with the judge at a pink tea or bridge club. And then counsel for respondent did not, even to the judge, object to a submission of the case on the theory of a binding verdict. While in one breath they claimed the verdict only advisory, yet in the next wholly repudiated that, by proposing requests on the theory of a binding verdict, and by acquiescing in the court's charge, and by going to the jury on such theory. We think the rule well settled, that:

"In a case not of right triable by jury, a party cannot complain that the case was so tried, if he did not object to that mode of trial, or if he failed to object until after a jury was sworn and impaneled to try the case; and even where the party has an absolute right to have certain issues tried by the court, the right may be waived, and is waived by proceeding to trial before the jury without any protest or objection." 24 Cyc. 174.

218          SUPREME COURT OF UTAH.          [Nov.

Houston Real Est. Inv. Co. et al. v. Hechler-v. Yerrick, 47 Utah 215.

That is what the respondents did. The North Carolina court (*Wessell* v. *Rathjohn*, 89 N. C. 377, 45 Am. Rep. 696) put the proposition thus:

"It does not comport with the propriety, fairness, and integrity of judicial proceedings to allow litigants to test their fortune in one competent jurisdiction, under one method of procedure, and, failing in that, to try another method before the same tribunal."

A similar question was before us, and likewise so determined, in the case of *Naylor* v. *Jensen*, 38 Utah, 310, 113 Pac. 73. Mr. Justice Frick, writing the opinion, says:

"The whole conduct of the case and the proceedings had indicated that all of the parties to the action treated the trial to the jury as a complete trial of the issues, the same as such issues are usually tried and determined in law cases. This being so, we think the district court was right in holding that the parties by their conduct were concluded by the verdict, and could not again try the issues that had been submitted to and passed on by the jury."

We think the court was required to render and enter judgment on the verdict, and erred in not doing so. The judgment which was rendered is therefore reversed, and the case remanded, with directions to render and enter judgment on the verdict. Costs to the appellant.

FRICK and McCARTY, JJ., concur.