YERRICK v. DISTRICT COURT IN AND FOR SALT LAKE COUNTY.

No. 2894.  Decided July 25, 1916.  Rehearing denied November 23, 1916 (161 Pac. 55).

NEW TRIAL—TIME FOR NOTICE OF MOTION. Comp. Laws 1907, section 3294, requiring one intending to move for new trial to serve and file notice thereof within five days after verdict, does not apply where the trial court sets aside the verdict and himself makes findings and enters judgment thereon; it being sufficient if the notice is served and filed within the statutory time after judgment has been entered on the original verdict in obedience to mandate of the appellate court reversing the first judgment.

FRICK, J., dissenting.

Prohibition by Carrie A. Yerrick against the District Court in and for Salt Lake County, State of Utah. Writ denied, and proceedings dismissed.

*A. T. Sanford* for plaintiff.

*Howat, Macmillan & Nebeker* and *Stephens & Smith* for defendant.

STRAUP, C. J.

We are asked by prohibition to restrain the district court from proceeding to hear a motion for a new trial in the case of the Houston Real Estate Investment Company, Plaintiff, v. Hechler, Defendant, and Yerrick, Intervener. Upon a trial to the court and a jury a verdict was rendered against the investment company and in favor of Yerrick for $4,682. The

case to the rendition of the verdict was treated by the parties as triable by jury. Then the investment company claimed the case one in equity, urged the court to regard the verdict as merely advisory, and proposed and requested findings on all the issues. The court, so regarding the verdict, refused to recognize it, made findings at variance with it, and upon the findings rendered and entered judgment in favor of the investment company. From that judgment Yerrick appealed. The ruling of the court so disregarding the verdict and so making findings was the only point presented by the appeal. On the record nothing further could have been reviewed. We held the court erred in such particulars and remanded the cause, with directions to enter a judgment on the verdict. 47 Utah 215, 152 Pac. 726. On remittitur judgment accordingly was so entered. Within five days thereafter the investment company served and filed a notice of motion for a new trial. Yerrick moved to strike the notice. That motion was overruled. This proceeding then was instituted by Yerrick to restrain the court from further proceeding with the motion for a new trial.

The contention is, that the court then was without jurisdiction to entertain such a motion. This is because of the statute (C. L. 1907, section 3294), requiring a party intending to move for a new trial to serve and file a notice thereof within five days after verdict. The notice, of course, was long after the rendition of the verdict. Ordinarily a party intending to move for a new trial is required to serve and file a notice within five days after verdict. But that is on the assumption of an operative verdict and one recognized as such and acted upon. Here the court wholly disregarded the verdict, and set it aside, and himself made findings. There was no longer any verdict left to move against. Judgment was entered on the findings, not the verdict. Those were in favor of the investment company. It was content with that. Vain indeed would it have been had the investment company moved against a verdict already annihilated and set aside, and had asked for a new trial of the cause against findings made and judgment entered in its favor. Until the verdict was restored the investment company had no grievance and nothing to

move against. All we did on the appeal was to restore the verdict and to direct judgment to be entered upon it. The cause thus was left just where it would have been had the court at the first instance done what we, on the appeal, directed to be done. To deny the investment company thereafter to move against the verdict and to apply for a new trial is in effect to deny it such right altogether. Under the circumstances we think the district court has jurisdiction to entertain the motion. *Severy* v. *Chicago R. I. & P. Ry. Co.*, 6 Okl. 153; 50 Pac. 162; *Kansas, Ft. S. & M. R. Co.* v. *Berry*, 55 Kan. 186, 40 Pac. 288. The situation in the Kansas case is very similar to the situation here. There a general and special verdict was rendered in favor of the plaintiff Berry for $5,000. The trial court refused to receive or recognize the verdicts, but permitted them to be filed (52 Kan. 762, 34 Pac. 805, 39 Am. St. Rep. 371), and then, on the defendant's motion, notwithstanding the general and special verdicts in favor of the plaintiff, directed a verdict in favor of the defendant, the railway company, upon which judgment was rendered and entered. Here the court, notwithstanding the verdict determining the whole of the issue in favor of Yerrick, treated it merely as advisory, refused to recognize it or act upon it, made findings at variance with it, and entered judgment upon them in favor of the investment company. There, as here, the appellate court directed judgment to be entered on the verdict as rendered. There, as here, a motion for a new trial was made within the statutory period, not after the rendition of the verdict, but after the entry of the judgment in obedience to the mandate of the appellate court. There, as here, the claim was made that the motion came too late, and that the court was without jurisdiction to entertain it. Said that court:

"The defendant, having a verdict in its favor, and a judgment thereon, not only was not called on to file a motion for a new trial, but that there was absolutely no foundation for any such motion. It is further insisted that vitality was first given to the verdict by the order and judgment of this court, and that not until its mandate was presented to the district court did the verdict of the jury have any force as a verdict; that the defendant was then, for the first time, called upon to challenge its correctness or the proceedings

of the court at the trial. These views impress us as sound. The defendant was under no obligation to recognize a verdict as valid which the court refused to receive or act upon. This court held that the district court erred in refusing to receive the special findings and the general verdict in favor of defendant (plaintiff), and in refusing to treat them as verdicts, and directed that they should be so received and treated. We think the defendant then had a right to file a motion for a new trial within the statutory time after the mandate of this court was presented; that it was then the duty of the court to pass on the motion for a new trial; and that, on such motion being overruled, the defendant had a right to make a case, and present to this court any errors occurring at the trial. If this were not so, the defendant would be utterly without remedy, no matter how many or serious the errors of law occurring at the trial might have been."

These reasons and conclusions, we think, are applicable here. Let the writ therefore be denied, and the proceedings dismissed at petitioner's costs. Such is the order.

McCARTY, J., concurs.

FRICK, J. (dissenting).

I am unable to assent to the conclusion reached by the Chief Justice. I shall therefore, as briefly as possible, state the reasons that have impelled me to arrive at a contrary conclusion.

This case has already been before us twice. *Investment Co.* v. *Hechler,* 44 Utah, 64, 138 Pac. 1159, and again under the same title in 47 Utah 215, 152 Pac. 726. The questions in controversy in his proceeding, however, all arose with respect to the proceedings at the last trial of the case. As stated by the Chief Justice, the parties tried the case as a law case, but upon the verdict being returned against the plaintiff in former action, hereafter called company, it moved the district court to treat the action as purely equitable and to declare the verdict as advisory merely, and that the court make its own findings of fact, conclusions of law, and enter judgment in accordance therewith, notwithstanding the verdict of the jury. The district court entertained the motion and made findings of fact and conclusions of law in many respects contrary to the verdict of the jury, and entered judgment thereon in favor

of the company. The defendant in that action, being the plaintiff here, and who hereafter will be styled plaintiff, brought the case to this court on appeal ( .... Utah, ....., 152 Pac. 726), where we held that the parties having tried the case as a law case up to the time the verdict was returned neither one could thereafter insist that it was not bound by the verdict of the jury upon questions of fact to the same extent that such would be the case in law cases generally, subject only to the remedies applicable to such cases. We therefore reversed the rulings and judgment of the district court, and directed that court to enter judgment upon the verdict of the jury in favor of the plaintiff, which was accordingly done. After judgment, pursuant to the remittitur from this court, had been entered, however, the company, within the five days allowed by our statute, filed a motion for a new trial upon the usual grounds provided by Comp. Laws 1907, section 3292. The plaintiff objected to the motion and moved to strike it upon various grounds, including the one that it was filed too late, and that the court was without jurisdiction to entertain such a motion after the judgment had been reversed. The district court overruled plaintiff's motion to strike, and hence this proceeding.

The Chief Justice has arrived at the conclusion that the motion for a new trial, under the circumstances of this case, was filed within proper time, and that, therefore, the district court has the power to pass upon it and to dispose of it in the ordinary way. In my judgment that conclusion is erroneous. In some jurisdictions motions for new trials are required to be filed after judgment, and in such jurisdictions such motions assail the judgment as well as the regularity of the proceeding, including the decision or verdict. Under our statute, however, as well as under the statutes of other states, notably, California, Indiana and Kentucky, the motion for a new trial does not assail the judgment, but is directed against the verdict or decision and other proceedings occurring during the trial which are claimed to be irregular or erroneous. The motion for a new trial, under our statute, does not concern itself with the judgment, and it must be filed before judgment if the entry thereof is delayed until after the time has elapsed

within which to file such a motion. In other words, a motion for a new trial may not be delayed merely because the judgment has not been entered in the action or proceeding. 29 Cyc. 934-935; *Fisher* v. *Emerson,* 15 Utah, 522, 50 Pac. 619. Under a statute like ours, the time within which a motion for a new trial must be filed begins to run from the return of the verdict or the filing of the decision, and not from the entry of judgment. It is only in those jurisdictions where the motion for a new trial need not be filed until after judgment that a party may delay the filing of the motion until after the judgment is actually entered. 29 Cyc. 931; 14 Ency. Pl. & Pr. 858-863.

The Chief Justice cites two cases, namely, *Severy* v. *Chicago, R. I. & P. Ry.,* 6 Okl. 153, 50 Pac. 162, and *Kansas, Ft. S. & M. R. Co.* v. *Berry,* 55 Kan. 186, 40 Pac. 288, in support of the conclusion reached by him. It seems clear to me, however, from the statements contained in the Severy Case, that whatever the Oklahoma statute may be, the court, nevertheless, based its ruling upon the theory that a motion for a new trial need not be filed in that jurisdiction until after judgment. In passing upon the point the court said:

"The statute providing for motions for new trial has reference to final judgment or orders, and a motion for a new trial is a useless proceeding until there is a judgment to set aside or vacate."

The trial court in the Oklahoma Case, therefore, permitted a motion to be filed after the appellate court had directed a judgment to be entered upon the verdict and after the remittitur had gone down and after a judgment had in fact been entered pursuant thereto. That case, in my judgment, can, however, not be regarded as a precedent under a statute like ours, since under our statute, as I have pointed out, the motion for a new trial may not be delayed until after judgment, unless the judgment is in fact entered within the time that a motion for a new trial must be filed.

It is, however, suggested that the company had no occasion to file a motion for a new trial in view that the district court had granted its motion for judgment notwithstanding the verdict of the jury. But it was not the judgment that the com-

pany was required to assail by filing a motion for a new trial,
nor was it the judgment it did assail by its motion which was
passed on by us in .... Utah, ...., 152 Pac. 726, but it as-
sailed the verdict of the jury and asked that the trial court
disregard that verdict and decide the case in accordance with
its own views of the evidence.    That is just what was done by
the court, and we held that in doing so it committed error.
The case is one, therefore, where a party has led the court
into committing an error of practice by asking it to grant
certain relief by pursuing the wrong remedy.    If we were
right in holding in our former decision that in view that the
case was tried as a law case the parties must pursue legal as
contradistinguished from equitable remedies, then it neces-
sarily follows that the only motion that the district court
could entertain on the part of the company was a motion for
a new trial.    That question was settled in this jurisdiction in
the case of *Kirk* v. *Salt Lake City*, 32 Utah, 143, 89 Pac. 458,
12 L. R. A. (N. S.) 1021, where we held that a motion for
judgment *non obstante veredicto* could not be entertained, but
the only motion by which a verdict could be assailed in a law
case was a motion for a new trial filed as provided by our
statute.    In view of our former decision, therefore, the case
must be treated as a law case, and hence a motion for a new
trial was the company's only remedy.    Having failed to pur-
sue that remedy as required by statute the courts may not
substitute another, or the proper remedy at a later time.    Such
is the holding of the courts generally I think.    At any rate it
has many times been held that where a party makes a motion
for judgment *non obstante veredicto*, or a motion to modify
the findings of fact or conclusions of law, or to substitute
other findings, the moving party thereby waives, or rather
loses, his right to file a motion for a new trial, unless he files
such a motion within such time, after the original verdict is
returned or the findings and conclusions filed, as the statute
prescribes.    In other words, a party may not file a motion and
obtain the desired relief thereon in the court of original juris-
diction, and, when it is finally held on appeal that the motion
was improperly filed and allowed, then after the judgment
is reversed proceed to file the proper motion.    The following

cases, in my judgment, are directly in point upon the foregoing proposition, and are decisive of the question that the district court is without jurisdiction to entertain the motion for a new trial in this case. *California Imp. Co.* v. *Baroteau,* 116 Cal. 136, 47 Pac. 1018; *Radabaugh* v. *Silvers,* 135 Ind. 605, 35 N. E. 694; *Cutsinger* v. *Nebeker,* 58 Ind. 401; *Shaffer* v. *Milwaukee, etc., Ins. Co.,* 17 Ind. App. 204, 46 N. E. 557; *Jacquay* v. *Hartzell,* 1 Ind. App. 500, 27 N. E. 1105. In the Kansas case it was held, however, that a motion for a new trial is filed timely if filed within the time required by the statute after judgment has been directed by the appellate court. That case, in my judgment, is, however, not in point here. In that case the jury returned both a general and a special verdict in favor of the plaintiff in the action. The trial court, however, refused to receive or recognize either the general or special verdict, but directed the jury to return a general verdict in favor of the defendant in the action. The jury returned such a verdict, and judgment was duly entered thereon. The plaintiff objected and excepted to the ruling of the trial court, and prosecuted an appeal to the Supreme Court of Kansas. That court held that the trial court erred in refusing to receive and recognize the verdicts of the jury, and in directing it to return a verdict for the defendant, and reversed the court's ruling and judgment, and directed it to enter judgment upon the verdicts returned by the jury in favor of the plaintiff, which in accordance with the remittitur from the Supreme Court, was done. Within the time allowed by statute after the trial court had thus received and recognized the verdicts of the jury in favor of the plaintiff, the defendant in that case filed a motion for a new trial. The plaintiff objected to the motion upon various grounds, one of which was that it was filed too late, and that the trial court was without jurisdiction to entertain the motion. The trial court, however, overruled the plaintiff's objections, considered and passed on the motion, and overruled the same, and the Supreme Court sustained the ruling of the trial court in entertaining the motion. The ruling of the Supreme Court is, however, based upon the sole ground that the trial court had never received nor recognized the verdicts of the jury

until directed to do so by the Supreme Court, but had directed the jury to return a verdict in favor of the defendant. The latter verdict was therefore held to be the only verdict in the case, and in view that that verdict was in favor of the defendant there was no verdict which it could move against until the verdicts returned by the jury were received and recognized by the trial court, which occurred only after the remittitur of the Supreme Court had gone down. The decision in that case, therefore, had the same effect as though the trial court had by mandamus been coerced to receive and recognize the verdicts returned by the jury. Such is not the case here. Here the verdict of the jury was received, and it was that verdict, and nothing else, that the company moved to have set aside. For that purpose it made the motion and the motion was granted. It developed, however, on appeal that the district court had erred in entertaining and granting the motion, and the ruling and judgment of that court were reversed. Now it is contended that since it has been decided that the company interposed the wrong motion and that the district court erred in granting it, and since that court was directed to set aside its ruling and judgment the company should be given a chance to interpose a proper motion for a new trial, and this upon the alleged ground that in view that the district court had ruled in favor of the company a motion for a new trial would have been a useless proceeding. Let me again call attention to the fact that it was the verdict of the jury that the company assailed and was required to assail. As pointed out by the Supreme Court of California, and of Indiana, in the cases herein referred to, the proper motion to set aside and vacate the verdict of the jury was a motion for a new trial, and if the company sought to attain that end by another motion which was erroneously granted by the trial court, the right to move for a new trial was thereby waived or lost, and that such a motion comes too late if it is delayed until after the ruling of the trial court is reversed, and that court is directed to enter judgment upon the verdict. It is held that under such circumstances the trial court is without power to entertain a motion for a new trial. In my judgment the decisions from California and Indiana are entirely sound.

It goes without saying that the party who is dissatisfied with the result reached by either court or jury must not only pursue the remedies pointed out by the statute, but must do so within the specified time. Courts, of course, look to the substance rather than the form of things, and if the company had filed its motion for a new trial it could rely upon it regardless of the fact that it had also filed some other motion which was not proper. It could have filed the proper motion within the time required by statute, but cannot now retrieve its error by asking that it be permitted to do what the statute does not permit and what other litigants may not do. There must be an end to litigation, and this case forcibly illustrates that the rule is a salutary one in view that the case has been pending, as appears from our former decisions, for more than seven years. The case has been here twice on appeal, and is now here for a third time in the present form. If a new trial should now be granted in this case it may be in any case where a party has mistaken his remedy and has interposed the wrong motion, which was granted. In other words, if a verdict may be set aside upon an improper motion in this case without exhausting the remedy of the moving party, it may be in any case, and hence the proper motion for a new trial need not be interposed until this court has corrected the errors of the party making the wrong motion and of the court granting it. Such, in my judgment, is not the law anywhere, and should not be declared to be in this jurisdiction. Moreover, if a motion for a new trial may now be interposed, then it may be based upon all the grounds provided by our statute, some of which may go to questions of fact respecting irregularities which the statute clearly contemplates shall be made to appear within a specified time after trial, and which, by reason of lapse of time, the adverse party may now be unable to meet. But it is not necessary to multiply reasons. In my judgment it is quite sufficient that the statute does not contemplate nor authorize a motion for a new trial under the circumstances of this case.

I am of the opinion that the trial court is without jurisdiction to entertain a motion for a new trial, and hence a peremptory writ of prohobition as prayed for should issue.